**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**ROGER LEE MINNIFIELD**                                                    **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:07CV-P207-S**

**LARRY CHANDLER** *et al.*                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b) (DN 16). Upon review of the record, the Court will grant the motion.

Plaintiff filed this civil rights action while incarcerated at the Kentucky State Reformatory. By Memorandum Opinion and Order entered December 7, 2007 (DN 6), the Court, on initial review of the complaint under 28 U.S.C. § 1915A, allowed an Eighth Amendment claim to proceed against Defendants Heimann, King, and Schartz. Also on December 7, 2007, the Court entered a Scheduling Order (DN 8), setting discovery, pretrial memoranda, and dispositive motion deadlines. In March 2008 (DN 11), Plaintiff notified the Court of his release from incarceration. On May 20, 2008, the Court entered an Order granting Defendants' motion for extension of time to file an answer (DN 14). The copy of that Order sent to Plaintiff at his new address of record was returned to the Court by the United States Postal Service marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 15).[1] Further, Plaintiff failed to file a pretrial memorandum by May 27, 2008, as directed in the Court's Scheduling Order, and he failed to respond to Defendants' motion to dismiss.

---

[1] As it appeared that Plaintiff used the wrong zip code, the Clerk of Court re-sent a copy of the Order to Plaintiff at the proper zip code, but the re-sent Order was also returned to the Court by the U.S. Postal Service (DN 17).

The Court finds that for all intents and purposes Plaintiff has abandoned any interest in prosecuting this action, warranting dismissal of his claims against Defendants. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) ("[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.").

Consequently, the Court will, by separate Order, grant Defendants' motion to dismiss and dismiss the action.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4411.005